Morton M. ROSE, a Partnership Consisting of Morton M. Rose, Individually and as Trustee For Constance Rose and Terry Rose, and Esther H. Rose,

v.

The UNITED STATES.

No. 49590.

United States Court of Claims
April 5, 1955.

Edwin J. McDermott, Philadelphia, Pa., for plaintiffs.

Frank J. Keating, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

Plaintiff is a partnership trading under the name of Morton M. Rose, and consisting of Esther Rose and Morton M. Rose, the latter acting individually and as Trustee for Constance Rose and Terry Rose. For the purposes of this opinion, it will be treated as an entity. It sues to recover liquidated damages assessed against it.

Plaintiff entered into a contract with defendant on January 9, 1948 to furnish it with 1,929,000 pairs of cotton drawers at $0.173 each. It was agreed that 175,410 pairs were to be furnished by the last day of each month from February to November 1948, both inclusive, and 174,900 pairs were to be furnished by December 31, 1948. Plaintiff did not deliver any in February, only 32,000 in March, 112,000 in April, and by May 31 it would have been 446,240 behind, except for the cancellation on May 27 of plaintiff's right to deliver 398,230 units.

On all deliveries after the due date the contracting officer assessed liquidated damages at the contract rate of ⅕ of 1 per cent of the price of each unit for each day of delay.

1. Promptly after the cancellation of the 398,230 units, defendant offered a contract to Benham Underwear Mills for these units, but this was not accepted by Benham Underwear Mills until July 13, 1948. It called for delivery of 38,230 pairs on July 31, and 90,000 pairs on the last day of each of the following months through November 30, 1948.

Defendant charged plaintiff with liquidated damages for the period between the due date under plaintiff's contract and the promised or actual delivery date under the substituted contract, whichever was earlier. Defendant did not charge plaintiff with excess costs, since it secured these units for $3,781.15 less than the amount of which plaintiff had agreed to furnish them.

■ Defendant secured the units under the substituted contract as soon as it reasonably could, and, since that was later than plaintiff had agreed to furnish them, defendant is entitled to collect liquidated damages for the delay.

■ 2. Under the contract with plaintiff, defendant agreed to furnish the sizes for the units to be delivered in February on the date of the award. It was six days late in doing so. By Change Order defendant extended the time for the February deliveries five days. Plaintiff accepted this change order without protest, and, therefore, there can be no reduction in the liquidated damages assessed on account of this delay on defendant's part.

But plaintiff says a five-day extension should have been granted for deliveries for each succeeding month. We are unable to see any justification for this position. The tariff of sizes for subsequent months, except as noted hereinafter, was furnished on or before the due date, and, hence, plaintiff was obligated to supply them within the time specified.

■ 3. Plaintiff complains that defendant never furnished it with sizes for May and June deliveries, and this is so. It should have furnished the sizes for May delivery on March 26, and for June delivery on April 26. On March 31 plaintiff was behind in deliveries by 318,820 units, and only a little less than this on March 26. On April 30 it was behind 414,230 units, and a little less than this on April 26. On May 27 plaintiff was still delivering garments on its March quota, and it did not finish its April quota until July 14. Until plaintiff caught up on its deliveries there was no point in defendant's furnishing sizes for future deliveries. The 398,230 units cancelled from plaintiff's contract was more than the amount due for May and June. Having cancelled these units, there was no point in furnishing plaintiff the sizes therefor.

When defendant on May 27 terminated plaintiff's right to deliver the 398,230 units, plaintiff then had on hand material furnished by defendant for 400,000 units and the tariff of sizes therefor. This was enough for more than the amount to be delivered for two months. Sizes for subsequent deliveries were furnished on or before time, except for the deliveries in October, which was four days late, but this seems not to have delayed plaintiff, since no complaint is made thereof.

The delays in delivery were plaintiff's own fault. On February 6 plaintiff was using less than 8 per cent of its labor force on the contract in suit. On March 26 it was using about 23½ per cent, and by May 29, 57½ per cent. By more concentration on its contract with defendant, plaintiff could have made deliveries on time and avoided liquidated damages.

Plaintiff is not entitled to recover. Its petition will be dismissed.

JONES, Chief Judge, and LARAMORE, MADDEN and LITTLETON, Judges, concur.